UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11460-RWZ

BRIGHAM AND WOMEN'S HOSPITAL, INC. and
INVESTORS BIO-TECH, L.P.

v.

PERRIGO COMPANY and L. PERRIGO COMPANY

QUESTIONS TO THE JURY ON SPECIAL VERDICT

December 14, 2016

A. **INFRINGEMENT** - BWH and IBT have the burden of proof by a preponderance of the evidence

Direct Infringement

**Question No. 1:** Does defendant Perrigo, by manufacturing and selling Famotidine Complete, directly infringe claims 1, 4, 5, 6, 7, and/or 12 of the '137 patent?

a) Claim 1:   YES ✓   NO _____
b) Claim 4:   YES ✓   NO _____
c) Claim 5:   YES ✓   NO _____
d) Claim 6:   YES ✓   NO _____
e) Claim 7:   YES ✓   NO _____
f) Claim 12:  YES ✓   NO _____

*Please answer next Questions 2 and 3.*

## Inducement to Infringe

**Question No. 2:** Did defendant Perrigo induce infringement by manufacturing and selling Famotidine Complete with the knowledge and intent that a third party who uses its product would thereby infringe claims 1, 4, 5, 6, 7, and/or 12?

a) Claim 1: YES ✓  NO _____

b) Claim 4: YES ✓  NO _____

c) Claim 5: YES ✓  NO _____

d) Claim 6: YES ✓  NO _____

e) Claim 7: YES ✓  NO _____

f) Claim 12: YES ✓  NO _____

## Contributory Infringement

**Question No. 3:** Did defendant Perrigo contributorily infringe by manufacturing and selling Famotidine Complete with the knowledge that its product was made for use by a third party which use would infringe claims 1, 4, 5, 6, 7, and/or 12?

a) Claim 1: YES ✓  NO _____

b) Claim 4: YES ✓  NO _____

c) Claim 5: YES ✓  NO _____

d) Claim 6: YES ✓  NO _____

e) Claim 7: YES ✓  NO _____

f) Claim 12: YES ✓  NO _____

*If you answered YES as to any parts of Questions 1, 2, or 3, please answer next Question 4.*

*If you found no claims to be infringed by answering NO to all parts of Questions 1, 2, and 3, please go directly to Question 5.*

Willful Infringement

**Question No. 4:** Did defendant Perrigo willfully infringe claims 1, 4, 5, 6, 7, and/or 12 of the '137 patent?

a) Claim 1:   YES __✓__   NO _____

b) Claim 4:   YES __✓__   NO _____

c) Claim 5:   YES __✓__   NO _____

d) Claim 6:   YES __✓__   NO _____

e) Claim 7:   YES __✓__   NO _____

f) Claim 12:  YES __✓__   NO _____

## B. <u>VALIDITY</u>

<u>Priority Date</u> - BWH and IBT have the burden of proof by a preponderance of the evidence.

**Question No. 5:**   The effective priority date of the '137 patent is

    **a)**    March 1990 ___✓___

    **b)**    May 6, 1992 _____


Perrigo has the burden of proof by clear and convincing evidence on Questions Nos. 6 and 7.

<u>Anticipation</u>

**Question No. 6:** Are one or more of the asserted claims of the '137 patent invalid because the claimed method of use was anticipated by a single prior art publication or reference?

    a) Claim 1:  YES _____    NO ___✓___

    b) Claim 4:  YES _____    NO ___✓___

    c) Claim 5:  YES _____    NO ___✓___

    d) Claim 6:  YES _____    NO ___✓___

    e) Claim 7:  YES _____    NO ___✓___

    f) Claim 12:  YES _____    NO ___✓___

Obviousness

**Question No. 7:** Are one or more of the asserted claims of the '137 patent invalid because the claimed method of use was rendered obvious by prior art publications or references?

a) Claim 1:   YES _____   NO \_\_✓\_\_

b) Claim 4:   YES _____   NO \_\_✓\_\_

c) Claim 5:   YES _____   NO \_\_✓\_\_

d) Claim 6:   YES _____   NO \_\_✓\_\_

e) Claim 7:   YES _____   NO \_\_✓\_\_

f) Claim 12:  YES _____   NO \_\_✓\_\_

*If you found infringement of one or more claims and also that the those claims are valid, please answer the next question concerning damages. That is, if you answered YES to one or more parts of Questions 1, 2, or 3, and NO to each corresponding part of Questions 6 and 7, please answer next the corresponding questions concerning damages.*

*If you found either no claims to be infringed by answering NO to all parts of Questions 1, 2, and 3, or if you found all infringed claims to be invalid by answering YES to all corresponding parts of Questions 6 and 7, please return your verdict to the court.*

C. **DAMAGES**

Reasonably Royalty

**Question No. 8:** What is the reasonably royalty for infringement of any valid claim(s)?

(a) Rate per tablet: $ _.035 or 3.5 Cents_

   Multiplied by: Total number of tablets sold

   Total reasonable royalty: $ _10,210,071. 00/100_ .

**OR**

(b) Rate of royalty: _____%

   Multiplied by: Net sales

   Total reasonable royalty: $_____.

Pre-judgment Interest

**Question No. 9:**

(a) Should pre-judgment interest be awarded on the amount determined in Question 8?

YES _____  NO _✓____

If the answer to Question 9(a) is YES, please answer Question 9(b).

If the answer to Question 9(a) is NO, please return your verdict to the court.

(b) The rate of pre-judgment interest is _____%

**D. LACHES** - Perrigo has the burden of proof by a preponderance of the evidence

**Question No. 10:**

    (a)    When did plaintiffs BWH or IBT know, or should have known, of its infringement claim against defendant Perrigo?

DATE __Aug. 11, 2008__

    (b)    Did plaintiffs BWH or IBT unreasonably delay in filing this lawsuit in 2013?

YES _____     NO __X__

*If you answered yes to Question 10(b), please answer next Question Nos. 10(c) and (d).*

*If you answered no to Question 10(b), please return your verdict to the Court.*

    (c)    Did defendant Perrigo suffer material harm as a result?

YES _____     NO _____

    (d)    Did plaintiffs BWH or IBT file this lawsuit in 2013 without justification?

YES _____     NO _____


__12/14/16__                              __Kelly [Signature]__
DATE                                              FOREPERSON