UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11640-RWZ

BRIGHAM AND WOMEN'S HOSPITAL, INC. and
INVESTORS BIO-TECH, L.P.

v.

PERRIGO COMPANY and L. PERRIGO COMPANY

MEMORANDUM AND ORDER

April 24, 2017

ZOBEL, S.D.J.

All parties have filed a series of post-judgment motions. Defendants Perrigo
Company and L. Perrigo Company (collectively, "Perrigo") renew their motions for
judgment as a matter of law on all issues that were tried to a jury in late December 2016
and, in the alternative, move for a new trial. See Dockets ## 247, 249, 252, 255.
Perrigo also moves for an extension of time to file a notice of appeal to the Federal
Circuit. See Docket # 268. Plaintiffs Brigham and Women's Hospital, Inc., and
Investors Bio-Tech, L.P. (collectively, "Brigham") oppose all these motions and also
move for attorney's fees (Docket # 239) and enhanced damages (Docket # 244).

I.    **Procedural History**

The court held an eight-day jury trial which concluded on December 14, 2016,
with a jury verdict in favor of plaintiffs. See Docket # 222. Specifically, the jury found
(1) direct, induced, contributory, and willful infringement by Perrigo of all asserted

claims of U.S. Patent No. 5,229,137 ("the '137 patent"); (2) an effective priority date of March 1990; and (3) all asserted claims valid.  It awarded Brigham $10,210,071 in damages[1] and rejected Perrigo's laches defense, finding that Brigham knew or should have known of their infringement claim against Perrigo as of August 11, 2008.

On December 19, 2016, judgment was entered that simply stated that "[t]his action came before the court for a trial by jury.  The issues have been tried and the jury has rendered its verdict. . . . Judgment entered for Plaintiffs."  <u>See</u> Docket # 227.[2]  The amount of damages was not included.  Shortly after judgment entered, the parties filed a joint motion for extension of time for post-trial motions, seeking to extend the deadlines to file motions for judgment as a matter of law and/or new trial and motion for attorney's fees to January 24, 2017, which the court granted by endorsement.  Docket ## 237 and 238.  It was only after Brigham filed their oppositions to Perrigo's renewed motions for judgment as a matter of law, however, that the parties raised a potential conflict with the Federal Rules of Civil and Appellate Procedures regarding the timeliness of Perrigo's post-trial motions and notice of appeal.

## II.   Discussion

After the parties submitted their post-trial briefing regarding the timeliness issue, the court raised initial concerns about the judgment entered on December 19, 2016, specifically, whether it constituted a final judgment that would trigger the clock on the

---

[1]      The jury declined to award pre-judgment interest, and accordingly, the judgment does not reflect any such award.  Therefore, I reject Perrigo's perplexing argument that the "12/19 Entry [should be vacated under Rule 60(b)(1) because it] incorrectly awarded pre-judgment interest to the Plaintiffs."  Docket # 278, at 6.

[2]      That same day, the docket has an entry that the "Civil Case Terminated" on December 19, 2016.  <u>See</u> Docket # 228.  Neither party objected to either of these docket entries.

relevant procedural rules because it failed to include any damages, as well as the jury's special verdict on the several claims and defenses. It also failed to address the issue of enhanced damages that had yet to be decided. Accordingly, I requested the parties to submit supplemental briefing regarding these questions and, if necessary, the remedy. See Dockets ## 278 and 279. Thus, before addressing the post-trial motions, the threshold question to be resolved is whether a proper judgment was entered in this case.

## A. **Final Judgment**

A "judgment" under the Federal Rule of Civil Procedure is "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The Supreme Court has explained that "there is no statute or rule that specifies the essential elements of a final judgment, and [the] Court has held that '[n]o form of words and no peculiar formal act is necessary to evince [the] rendition [of a judgment.]" United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 233 (1958) (quoting United States v. Hark, 320 U.S. 531, 534 (1944)); see also Alloyd Gen. Corp. v. Bldg. Leasing Corp., 361 F.2d 359, 362 (1st Cir. 1966) (explaining that a final judgment is one that does not leave the suit pending for further proceedings and "clearly evidence[s] the district court's intention that it shall be its final act in the case").

Perrigo contends that the December 19, 2016, entry is not a final and appealable judgment because it "did not expressly dispose of Perrigo's counterclaims of invalidity, non-infringement, and laches." Docket # 278, at 3. Perrigo also argues that the December 19 entry does not satisfy Federal Rule of Civil Procedure 58 because it is "incomplete" as it does not "identify which claims of the asserted patent were found

3

infringed and not invalid and, as the Court pointed out, is silent on damages." Id. at 5–6.

Although the judgment lacks the details found on the jury's special verdict form, Perrigo's assertion that the issues of non-infringement[3], obviousness, and laches remain outstanding and were not disposed of by the jury's verdict is incorrect. Here, the court instructed the jury to decide all three issues by answering the questions on the verdict form with no objections from Perrigo. Indeed, during Perrigo's closing argument to the jury, it re-iterated the court's instruction and explained that "if [Brigham's] delay [was] unreasonable and Perrigo was harmed because of that delay, then there can be no monetary damages and that's Perrigo's equitable defense of laches." Docket # 235, at 81:12–15. Perrigo explicitly acknowledged that the jury would have to decide whether "plaintiff's delay [was] unreasonable and was Perrigo harmed as a result of it." Id. at 81:24–82:1. Accordingly, "[t]he instruction [on laches] was not given to seek a merely advisory verdict on the issue. The jury rejected the defense." Simon Prop. Grp., L.P. v. mySimon, Inc., No. IP 99-1195-C H/G, 2001 WL 66408, at *16 (S.D. Ind. Jan. 24, 2001). Likewise, Perrigo never objected to having the jury decide the question of obviousness. Here too, the jury found that Perrigo had failed to prove invalidity of any of the asserted claims of the '137 patent for both obviousness and anticipation, and thus rejected Perrigo's counterclaim. See Connell v. Sears, Roebuck & Co., 722 F.2d 1542, 1547 (Fed. Cir. 1983) ("We hold that it is not error to submit the question of

---

[3]   Although Perrigo asserts that "the 12/19 Entry did not expressly dispose of Perrigo's counterclaims of . . . non-infringement," it provides argument only regarding its defenses of obviousness and laches. See Docket # 278, at 3. In any event, I find the jury's verdict was complete in addressing non-infringement by finding infringement on a claim-by-claim basis.

obviousness to the jury."); see also Wyers v. Master Lock Co., 616 F.3d 1231, 1248 (Fed. Cir. 2010).

Therefore, the only matter that remains outstanding is the issue of enhanced damages.  Docket # 275, at 9:15.  The Federal Circuit, however, has exclusive jurisdiction of "an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the [Federal Circuit] and is final except for an accounting." 28 U.S.C. § 1292(c)(2) (emphasis added).  "The Federal Circuit has ruled that, as a result [of the § 1292 exception], claims for enhancement of damages do not have to be addressed in order to have a final judgment." Open Text S.A. v. Box, Inc., No. 13-cv-04910-JD, 2015 WL 4940798, at *10 (N.D. Cal. Aug. 19, 2015) (citing PODS, Inc. v. Porta Star, Inc., 484 F.3d 1359, 1365 n. 4 (Fed. Cir. 2007), appeal dismissed (Apr. 4, 2016)).  Although Perrigo asserts that the December 19 entry does not qualify for the exception to the final judgment rule under 28 U.S.C. § 1292(c)(2), it fails to provide any support for this argument other than re-asserting that the entry "did not dispose of Perrigo's counterclaims of invalidity, non-infringement, and laches, and thus the § 1292 exception does not apply." Docket # 278, at 5.

Moreover, it is difficult to accept in earnest Perrigo's argument that the "12/19 Entry [did not] constitute[] a *final and appealable judgment* such that it would trigger the deadlines for filing Perrigo's post-trial motions and Notice of Appeal," Docket # 278, at 2, based on its actions.  In particular, shortly after the jury returned its verdict, Perrigo sought entry of judgment from the court in order to "determine deadlines for post-trial motions," Docket # 280-2, at 2, and then proceeded to act in accordance with an understanding that the judgment was final by submitting post-trial briefing.  E.g., Docket

Case 1:13-cv-11640-RWZ   Document 284   Filed 04/24/17   Page 6 of 14

# 268, at 1 (explaining in its motion for extension of time to file notice of appeal that "[t]he Court entered Final Judgment in favor of Plaintiffs on December 19, 2016."); cf F. & M. Schaefer Brewing Co., 356 U.S. at 235–36 (looking at "[t]he actions of all concerned" when determining whether the parties "understood the opinion to be the judge's . . . final judgment in the case").

## B.    Post-Trial Briefing and Defendants' Motion to Extend Time to File Notice of Appeal

Because the December 19, 2016, judgment was final, Perrigo had to adhere to the federal procedural rules regarding the deadlines for filing post-trial motions. Specifically, Perrigo had twenty-eight days after the entry of judgment to file a renewed motion for judgment as a matter of law or joint request for a new trial.  See Fed. R. Civ. P. 50(b) and 59(b).  This deadline is mandatory; "[a] court must not extend the time to act under Rules 50(b) . . . 59(b), (d), and (e), and 60(b)."  Fed. R. Civ. P. 6(b)(2).

Perrigo argues that the time limitations in Rules 50(b) and 59(e) are "claim-processing" rules and not jurisdictional time limitations, and thus, Brigham "waived their objection to the timeliness of Perrigo's post-trial motions when they expressly agreed to and filed a joint motion to extend the post-trial motion deadlines."  Docket # 273, at 2.  It further contends that the court should apply the unique circumstances doctrine to excuse Perrigo's delay because it acted in reliance on the court's ruling.

First, whether Brigham waived its objection is irrelevant because the court did not have the authority under Rule 6(b)(2) in the first instance to allow the joint motion extending the Rule 50(b) and 59(e) deadlines.  Second, the court's granting of the parties' joint motion by endorsement was not an affirmative "assurance" from the court

6

that the parties were in compliance with the Federal Rules, which prohibits the court

from extending the post-trial briefing deadline. See Garcia-Velazquez v. Frito Lay

Snacks Caribbean, 358 F.3d 6, 10 (1st Cir. 2004) (explaining that "[t]o the extent [the

unique circumstances doctrine] remains viable, the doctrine 'applies only where a party

has performed an act which, if properly done, would postpone the deadline for filing

[the] appeal and has received specific assurance by a judicial officer that this act has

been properly done'") (quoting Osterneck v. Ernst & Whitney, 489 U.S. 169, 179

(1989)). Thus, although the parties jointly moved to extend the deadline to file post-trial

motions, and although the court granted by endorsement such a motion, neither the

parties nor the court had the authority to do so per Federal Rule of Civil Procedure

6(b)(2).[4] See Scola v. Beaulieu Wielsbeke, N.V., 131 F.3d 1073, 1074 (1st Cir. 1997)

(finding that the unique circumstances doctrine did not apply where the court improperly

granted by endorsement an extension of the Rule 59(e) motion filing deadline). As a

result, Perrigo had until January 17, 2017, to file its renewed motions for judgment as a

matter of law, but filed such motions, instead, on January 24, 2017.

Similarly, under Federal Rule of Appellate Procedure 4(a)(1)(A), Perrigo had

thirty days after the entry of judgment to file a notice of appeal with the district clerk. In

other words, it had until January 19, 2017, to file its notice of appeal. Perrigo, however,

---

[4]        The court recognizes that difficulty in reaching this decision because on its face the rules
are divorced from one another; Rules 50(b) and 59(e) make no cross-reference to Rule 6(b)(2).
Nevertheless, it is the duty of counsel to review the Federal Rules in their entirety. See Dill v. Gen. Am.
Life Ins. Co., 525 F.3d 612, 620 (8th Cir. 2008) (noting that "[a]lthough this is a harsh and unfortunate
result for [defendant], as it relied on the extension granted by the district court, [defendant] is not without
fault—a simple scan of Rule 6(b)(2) would have provided [defendant] notice that the district court lacked
authority to grant an extension of time to file the Rule 50(b) motion") (citation omitted); but see S.O.I.TEC
Silicon On Insulator Tech., S.A. v. MEMC Elect. Materials, Inc., No. 08-cv-292-SLR, 2011 WL 2748725, at
*8 (D. Del. July 13, 2011) (applying the unique circumstances doctrine and allowing a day late-filed Rule
50(b) motion).

did not file a notice of appeal until February 17, 2017. Perrigo now moves to extend the time to file a notice of appeal for good cause. See Fed. R. App. P. 4(a)(5). It argues that good cause exists for the court to grant its extension because "it relied on the Court's order setting a post-trial briefing schedule and Plaintiffs' agreement with that schedule." Docket # 268, at 1.

Setting aside the fact that neither the parties nor the court had the authority to extend the post-trial briefing schedule, an extension of post-trial briefing has no effect on the time to file a notice of appeal. The Federal Rules of Appellate Procedure require a party to file a notice of appeal within thirty days after entry of the judgment. Fed. R. App. P. 4(a)(1)(A). And the rules toll the time to appeal when a party seeks to file renewed motions for judgment as a matter of law. The rules state that "[i]f a party timely files in the district court [a motion for judgment under Rule 50(b) or a motion for a new trial under Rule 59], the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A). "[T]he notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). The 2016 Advisory Committee Notes further explain that "[a] motion made after the time allowed by the Civil Rules will not qualify as a motion that, under Rule 4(a)(4)(A), re-starts the appeal time—and that fact is not altered by, for example, a court order that sets a due date that is later than permitted by the Civil Rules, another party's consent or failure to object to the motion's lateness." Fed. R. App. P. 4(a)(4)(A) advisory committee's note to 2016 amendment. Accordingly, Perrigo was required to file a notice of appeal within thirty days following entry of the judgment—to which

Perrigo never objected until the court's inquiry—regardless of the (improper) extension of a post-trial briefing schedule.

Although a court may extend the time to file a notice of appeal if the moving party establishes that either good cause or excusable neglect exists, Perrigo has failed to establish either grounds for extension. Fed. R. App. P. 4(a)(5). Good cause exists if the "tardiness in filing a notice of appeal resulted entirely from external causes." Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 630 (1st Cir. 2000). Here, there were no external causes. See id. (finding that no good cause existed to extend notice to appeal where, even assuming "that the district court's decision was unclear as to its finality, the clerk also entered an unambiguous 'case closed' notation on the docket, and the plaintiffs could have discovered this telltale simply by checking the docket in person or on-line at any time thereafter").

Because Perrigo's post-trial motions and notice of appeal were filed after the mandatory deadlines, which the court has no authority to extend, they are denied as untimely.[5]

### C.    Brigham's Motion for Attorney's Fees

On January 17, 2017, Brigham filed its motion for attorney's fees, which was also

---

[5]    In the alternative, Perrigo requests that the court vacate judgment under Federal Rule of Civil Procedure 60(b)(6) because "equity strongly favors Perrigo because Plaintiffs initiated and agreed to an extension of post-trial motions and thus waived any argument regarding their alleged untimeliness." Docket # 278, at 6. For the reasons discussed above, the facts of this case do not warrant vacating judgment. See Ackermann v. United States, 340 U.S. 193, 199 (1950) (explaining that Rule 60(b)(6) relief is proper only in "extraordinary circumstances").

dilatory and filed well after the mandatory deadline.[6]  <u>See</u> Fed. R. Civ. P. 54(d)(2)B)(i).

The Patent Act allows for the court to award attorney's fees to the prevailing party in

"exceptional cases."  <u>See</u> 35 U.S.C. § 285.  Brigham bears the burden to establish by a

preponderance of the evidence that this case was "exceptional."  <u>See</u> <u>Octane Fitness,</u>

<u>LLC v. ICON Health & Fitness, Inc.</u>, 134 S. Ct. 1749, 1758 (2014).  "[A]n 'exceptional'

case is simply one that stands out from others with respect to the substantive strength

of a party's litigating position (considering both the governing law and the facts of the

case) or the unreasonable manner in which the case was litigated."  <u>Id.</u> at 1756.  The

court can also consider factors such as frivolousness, motivation, objective

unreasonableness, and the need to advance considerations of compensation and

deterrence.  <u>Id.</u> at 1756 n.6.  After considering the totality of the circumstances, courts

should exercise "equitable discretion" in deciding whether to award attorney's fees.  <u>Id.</u>

at 1756.

        Here, under the totality of the circumstances, I find that this is not an exceptional

case.  Perrigo investigated whether it infringed the '137 patent, and whether the patent

was valid, and after concluding that it did not infringe and that the '137 patent was

invalid, it sent a Paragraph IV certification to Brigham upon filing an ANDA.  While

Perrigo's invalidity arguments ultimately failed, its defense of the suit was neither

frivolous or vexatious.  Brigham's own corporate witness, Harry Barnett, testified that

one of the reasons plaintiffs did not bring suit against Perrigo after receiving the

---

[6]      However, unlike Rule 50(b) and 59(e) motions, a court may extend the deadline to file a
motion for attorney's fees, which this court did by endorsement of the parties' joint motion for extension of
deadlines. <u>See</u> Docket # 238.

Paragraph IV certification was because they feared losing royalties if the '137 patent was found invalid.  See Docket # 225, at 110:1–9.  Brigham also argues that it should be awarded fees due to Perrigo's "obstructionist" conduct throughout trial.  Docket # 240, at 24.  Both parties vigorously litigated their respective positions—at times acrimoniously so—but Perrigo's behavior did not rise to the level of litigation misconduct.  Because this case is not exceptional, attorney's fees are not appropriate.

### D.   Brigham's Motion for Enhanced Damages

Section 284 of the Patent Act also provides that, in a case of infringement, courts "may increase the damages up to three times the amount found or assessed."  See 35 U.S.C. § 284.  The Supreme Court has instructed that "[c]onsistent with nearly two centuries of enhanced damages under patent law, however, such punishment should generally be reserved for egregious cases typified by willful misconduct."  Halo Elec., Inc. v. Pulse Elec., Inc., 136 S. Ct. 1923, 1934 (2016).  In other words, "this is not to say that a jury verdict of willful infringement ought to result in enhanced damages.  Whether the conduct is sufficiently egregious as to warrant enhancement and the amount of the enhancement that is appropriate are committed to the sound discretion of the district court."  WBIP, LLC. v. Kohler Co., 829 F.3d 1317, 1341 n.13 (Fed. Cir. 2016).  Brigham bears the burden of showing by a preponderance of the evidence that Perrigo engaged in such egregious conduct.  Halo, 136 S. Ct. at 1934.

Here, the jury found that Perrigo willfully infringed the '137 patent.  I do not disturb the jury's finding.  I do find, however, that Perrigo's conduct did not rise to the level of egregiousness meriting an award of enhanced damages.  See Sociedad

Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X–Ray Co, Inc., No.
1:10-cv-00159-MR, 2016 WL 7473422, at *7 (W.D.N.C. Dec. 28, 2016) ("The jury's
finding of willful infringement, however, 'does not mandate that damages be enhanced,
much less mandate treble damages.'" (quoting Read Corp. v. Portec, Inc., 970 F.2d
816, 826 (Fed. Cir. 1992))).  Although the various factors set forth in Read Corp. may
be useful to help determine whether an award of enhanced damages is warranted, the
Supreme Court has cautioned that "there is no precise rule or formula for awarding
damages under § 284[.]"  Halo, 136 S. Ct. at 1932 (citation omitted); see also Trustees
of Boston Univ. v. Everlight Elec. Co., Ltd., No. 12-cv-12326-PBS, 2016 WL 3976617,
at *2 (D. Mass. July 22, 2016) ("[T]he touchstone for awarding enhanced damages after
Halo is egregiousness.").  For the same reasons discussed above regarding Brigham's
motion for attorney's fees, I find that Perrigo's conduct was not egregious.  Further, the
jury's award of $10,210,071 in damages is at the high end of the damages sought.  The
evidence reflected that prior license agreements to the '137 patent used royalty rates
between one to three percent.  Brigham's expert opined that a reasonable royalty rate
equates to approximately eighteen percent, or nearly six times that in the prior licenses.
The jury adopted that expert's method of calculation and awarded the full amount
Brigham sought.  Under these circumstances, enhanced damages are inappropriate.
Cf. Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd., No. 13-cv-05038
NC, 2016 WL 4208236, at *8 (N.D. Cal. Aug. 10, 2016) (declining to award enhanced
damages despite a finding of willful infringement because "[t]he jury awarded the
maximum amount that. . . [plaintiff] sought.  [Plaintiff] has recovered the full value of its
requested relief").

## III.   Conclusion

Brigham's Motion for Attorney Fees (Docket # 239) and Motion for Enhanced Damages Pursuant to 35 U.S.C. § 284 (Docket # 244) are DENIED.

Perrigo's Renewed Motions for

(a)   Judgment as a Matter of Law of No Direct, No Indirect, and No Willful Infringement, and Motion for New Trial (Docket # 247),

(b)   Judgment of Invalidity as a Matter of Law or New Trial and Motion for Judgment of Invalidity Over the Prior Art (Docket # 249),

(c)   Judgment as a Matter of Law on Damages, and Motion for Remittitur or New Trial (Docket # 252), and

(d)   Judgment as a Matter of Law on Lack of Standing[7] and Laches (Docket # 255) are DENIED.

Perrigo's Motion for Extension of Time to 2/17/2017 to File a Notice of Appeal from the Court's Final Judgment (Docket # 268) is DENIED.

Perrigo's Motion for Leave to File *Instanter* A Reply in Support of Their Renewed Motion for Judgment as a Matter of Law of No Direct, No Indirect, and No Willful Infringement, and Motion for New Trial (Docket # 273) is ALLOWED.

April 24, 2017
_____
DATE

_____
RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE

---

[7]      The issue of standing was not decided by the jury. Rather, prior to commencement of trial, and after hearing the parties' oral arguments, I denied Perrigo's motion to dismiss for lack of standing (Docket # 191) from the bench. See Docket # 224, at 72:7–10. Accordingly, the appropriate request for relief was a motion for reconsideration.

April 21, 2017