UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11640-RWZ

BRIGHAM AND WOMEN'S HOSPITAL, INC. and
INVESTORS BIO-TECH, L.P.

v.

PERRIGO COMPANY and L. PERRIGO COMPANY

ORDER

August 1, 2019

ZOBEL, S.D.J.

Perrigo Company and L. Perrigo Company ("defendants") filed a Bill of Costs seeking $90,637.02 from Brigham and Women's Hospital, Inc. and Investors Bio-Tech, LLP ("plaintiffs"). Plaintiffs object to all but $2,357 of these costs, which they say is nonetheless offset by expert witness fees owed to them by defendants.

I. **Standard**

Under Federal Rule of Civil Procedure 54(d), the court may award "costs" to a prevailing party. Those costs are identified in 28 U.S.C. § 1920 and include:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; ....

See also 28 U.S.C. § 1821 (further defining witness expenses taxable under 28 U.S.C. § 1920(3)).

Within these statutory boundaries, the court retains broad discretion to "shape[] the contours" of a prevailing party's award. Great N. Ins. Co. v. E. Propane Gas, Inc., No. 15-12955-JGD, 2017 WL 2434776, at *1 (D. Mass. June 5, 2017) (quoting Conway v. Licata, 144 F. Supp. 3d 212, 217 (D. Mass. 2015)); see also In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 962-63 (1st Cir. 1993) (a district court may decline to tax items in 28 U.S.C. § 1920 if it provides some rationale).

## II. Defendants' Bill of Costs

Following an eight-day trial in December 2016 in this patent infringement action, a jury returned a verdict for plaintiffs. It found that the asserted claims of the patent were valid, that defendants' product infringed each asserted claim, and that such infringement was willful. However, on defendants' motion under Federal Rule of Civil Procedure 50(b), I determined that plaintiffs had failed to present sufficient evidence of direct infringement and that, accordingly, "no reasonable jury could have returned a verdict" in their favor. Brigham & Women's Hosp., Inc. v. Perrigo Co., 280 F. Supp. 3d 192, 197 (D. Mass. 2017). Judgment was therefore entered for defendants on all claims. Plaintiffs appealed and the Federal Circuit conducted a de novo review and affirmed. Brigham & Women's Hosp., Inc. v. Perrigo Co., 761 F. App'x 995 (Fed. Cir. 2019).

Plaintiffs nonetheless argue that this case should be treated as one of "mixed results" and that costs should be awarded to the party who "carried the day" at each stage of the case. Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 28-29 (1st Cir. 2014). But a case of "mixed results" is one in which each party prevailed on some

claims or counterclaims. Here, defendants categorically won and are therefore the party entitled to costs under Rule 54(d).

### A. Clerk Fees

Defendants first request $900 for *pro hac vice* motion fees. Courts in this district generally do not allow parties to recover these costs, 600 LB Gorillas, Inc. v. Fieldbrook Foods Corp., No. 15-CV-13991-ADB, 2018 WL 6332494, at *5 (D. Mass. Dec. 4, 2018) (collecting cases), and I am not persuaded that defendants' choice of out-of-state counsel is "fairly chargeable to plaintiff." Keurig, Inc. v. JBR, Inc., No. 11-CV-11941-FDS, 2014 WL 2155083, at *2 (D. Mass. May 21, 2014). Defendants' *pro hac vice* application costs are denied.

### B. Marshal Fees

Defendants originally sought $1,979 in fees for service of summonses and subpoenas, but both parties have since agreed that only a portion of that sum is recoverable under 28 U.S.C. § 1920(1). Accordingly, defendants' request for Fees of the Marshal is allowed in the agreed amount of $780.

### C. Transcript and Video Expenses

Next, defendants ask for $40,323.61 under 28 U.S.C. § 1920(2). This amount includes the cost of seventeen deposition transcripts, transcripts of the pretrial conference and the trial, as well as "video sync" services and videotape copies of three depositions. For the following reasons, defendants' request is allowed in the amount of $13,764.07, which includes $9,495.40 for deposition transcripts and $4,268.67 for pretrial conference and trial transcripts.

#### i. Deposition Transcripts

3

Under 28 U.S.C. § 1920(2), "[f]ees for printed or electronically recorded transcripts <u>necessarily obtained for use in the case</u>" are taxable (emphasis added). If deposition transcripts are introduced in evidence or used at trial, their costs are generally recoverable. For all other deposition transcripts, the court may exercise its discretion to award costs if "special circumstances" exist, including, for example, when the prevailing party relies on the transcripts in a dispositive motion. <u>Sharp v. Hylas Yachts, Inc.</u>, No. 11-CV-11814-JCB, 2016 WL 10654435, at *2 (D. Mass. June 14, 2016); <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 249 (1st Cir. 1985).

Transcripts of the depositions of Dr. William Steinberg, Laura Donnelly, and Valerie Gallagher were either introduced as evidence or otherwise made part of the trial record. Accordingly, their costs are taxable in the amounts of $532, $1,045, and $499.40, respectively.[1]

Defendants are also due costs for any transcripts used for cross-examination or impeachment at trial. Those include the deposition transcripts of Stephen Byrn ($1,619.25); Dr. Michael Wolfe ($3,143.50); Phillip Green ($1,126.25); and Harry Barnett ($1,530).[2]

The court discerns no special circumstances to warrant recovery of the other

---

[1] For each recoverable deposition transcript, defendants shall recover the actual transcript cost and, if applicable, the reporter attendance fee. Costs associated with the rough transcript, archiving, or shipping and handling are not recoverable. Nor may defendants recover the costs of videotaping depositions. Subject to some exceptions, "[v]ideo depositions are not taxable without prior permission of the Court." D. Mass Guide on Taxation of Costs, http://www.mad.uscourts.gov/resources/pdf/taxation.pdf. No such permission was obtained.

[2] Transcripts of the two depositions of Dr. Wolfe were used for cross-examination and both are therefore recoverable. <u>See</u> Docket # 231 at 97. However, the trial transcript suggests that only the deposition at which Harry Barnett testified on behalf of Brigham and Women's Hospital was used at trial. Accordingly, only that transcript's cost is taxable to plaintiffs. <u>See</u> Docket # 225 at 89.

deposition transcripts or any videographer fees.

### ii. Pretrial Conference and Trial Transcripts

Defendants relied on the pretrial conference transcript and the trial transcripts for their successful post-trial briefing. Accordingly, defendants may recover the cost of the pretrial conference transcript ($163.59) and the trial transcript ($4,105.08).[3]

However, defendants' requested $3,458.70 in trial realtime fees is disallowed. Realtime transmission is "highly convenient and desirable," but such costs were not "necessarily" incurred within the meaning of 28 U.S.C. § 1920(2). See Fid. Int'l Currency Advisor A Fund, LLC, by Tax Matters Partner v. United States, No. 05-CIV-40151-FDS, 2010 WL 5376382, at *2 (D. Mass. Dec. 20, 2010).

### D. Copies and Exemplification Fees

Pursuant to 28 U.S.C. § 1920(4), defendants request $39,560.86 for copies and exemplification expenses. This sum includes a whopping $35,298 for the "design of charts, figures, and demonstratives used during trial" by a graphic designer and $4,262.86 for the printing of trial demonstratives and exhibits. Docket # 383-4 at 2.

Given the lack of evidence to support the necessity of a graphic designer and the significant number of hours allegedly spent by the designer preparing demonstratives, the requested $35,298 is disallowed.

Defendants may, however, recover $4,262.86 in printing costs. Those costs are supported by a detailed invoice, Docket # 383-4 at 7, fall squarely within the scope of 28 U.S.C. § 1920(4), and are not excessive.

---

[3] Although labeled as "expedited" or "daily," the transcripts were charged at a rate lower than the ordinary per-page rate in effect at the time and are thus fully recoverable.

### E. Witness Fees

Lastly, defendants' Bill of Costs includes $7,873.55 in witness attendance fees, travel expenses, and subsistence allowances, of which $4,036.55 is allowed.

#### i. Attendance Fees

Under 28 U.S.C. § 1821(b), a witness shall be paid an attendance fee of $40 "per day for each day's attendance" and for "the time necessarily occupied in going to and returning from the place of attendance." Dr. Gary Annunziata, Dr. Anthony Tornay, and Lisa Cameron each testified for one day and, accordingly, defendants' requested $120 in attendance fees is allowed.

#### ii. Travel Expenses

Defendants shall also receive the requested $1,174.95 for Dr. Gary Annunziata's flights and $1,580.60 for Dr. Anthony Tornay's flights and cab fares. Under 28 U.S.C. § 1821(c)(1) and (c)(3), a witness's travel expenses via common carrier are recoverable, as are taxicab fares between places of lodging and carrier terminals. Although defendants did not provide actual airline or taxi receipts, the invoices from Dr. Gary Annunziata and Dr. Anthony Tornay are acceptable as "other evidence of actual cost" to defendants. 28 U.S.C. § 1821(c)(1).

#### iii. Subsistence Allowances

Defendants next calculate a taxable amount of $4,998 in subsistence expenses for Dr. Gary Annunziata and Dr. Anthony Tornay. Under 28 U.S.C. § 1821(d), defendants may recover a daily subsistence allowance for each witness up to the maximum per diem rate for official travel by federal employees. At the time of trial, these rates for Boston, Massachusetts were $204 per night for lodging, and $69 per

full day and $51.75 per travel day for meals and incidentals. See FYI 2017 Per Diem Rates for Boston/Cambridge, Massachusetts, General Services Administration, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=MA&fiscal_year=2017&zip=&city=boston.

While there is no statutory requirement under 28 U.S.C. § 1821(c) that a party provide meal and lodging receipts to obtain a subsistence allowance, courts in this district require such supporting documentation. See Guzman v. Boeing Co., No. 13-CV-12615-JGD, 2019 WL 468195, at *4 (D. Mass. Feb. 6, 2019); Osorio v. One World Techs., Inc., 834 F. Supp. 2d 20, 24 (D. Mass. 2011). Except for one invoice reference to $117.93 in "Misc. Hotel (Breakfast, coffee, etc.)" for Dr. Anthony Tornay, defendants failed to submit any receipts or other evidence of expenses incurred for meals and lodging.

In light of the lack of supporting receipts and the fact that each witness only testified for one day, it is reasonable to limit the subsistence allowance to $1,161, which includes for each witness: two lodging nights ($204 per night); one full meal day ($69), and two travel meal days ($51.75).

### III. Expert Deposition Costs under Federal Rule of Civil Procedure 26(b)(4)(E)

In the opposition and reply briefs, the parties introduce a separate dispute–unrelated to the pending Bill of Costs–over expert deposition fees allegedly due under Federal Rule of Civil Procedure 26(b)(4)(E).

Expert discovery concluded in May 2016 and, in the intervening three years, neither party filed a motion to recover such fees. Any request for fees at this stage is unreasonable and untimely. See Ellis v. United Airlines, Inc., 73 F.3d 999, 1011 (10th

Cir. 1996) (affirming district court's denial of motion to compel fees under Rule 26(b)(4)(E) as untimely).

## IV. Conclusion

For the foregoing reasons, and as summarized in the table below, defendants are entitled to recover $22,843.48 of their costs from plaintiffs. IT IS SO ORDERED.

| Summary of Costs | |
|---|---|
| **A. Clerk Fees** | $0.00 |
| **B. Marshal Fees** | $780.00 |
| **C. Transcript and Video Fees** | |
| i. Deposition Transcripts | $9,495.40 |
| ii. Pretrial Conference and Trial Transcripts: | $4,268.67 |
| **D. Copies and Exemplification Fees** | $4,262.86 |
| **E. Witness Fees** | |
| i. Attendance Fees | $120.00 |
| ii. Travel Expenses | $2,755.55 |
| iii. Subsistence Allowances | $1,161.00 |
| **Total** | **$22,843.48** |

August 1, 2019
DATE

RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE